1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ODDIS VERMONT COLE,                        No.  2:15-cv-1613 GEB DB P

12                   Plaintiff,

13          v.                                    ORDER

14    F. GUILLEN, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18    action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302

19    pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint and application to proceed in forma

20    pauperis are before the court.

21    **I.        In Forma Pauperis Application**

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II.      Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.      Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

**IV.    Plaintiff's Allegations**

At all relevant times, plaintiff was an inmate housed at California State Prison in Solano, California. He names as defendants Correctional Officers ("CO") F. Guillen, S. Valenzuela, and L. Lemmons.

Plaintiff's allegations may be fairly summarized as follows:

On July 19, 2014, plaintiff "had just returned from a hearing on Officer F. Guillen on another matter" and asked CO Valenzuela if he could take a shower. During this shower, COs Valenzuela and Guillen stood watch while plaintiff applied a medicated shampoo to his hair. While the shampoo was still in his hair, these two officers directed CO Lemmons to turn off the water and refused to let plaintiff rinse off. Although plaintiff tried to wash the medicated shampoo out of his hair, the next morning he woke up with both eyes swollen shut with chemical burns causing blindness. He was transferred to an outside hospital by the prison doctor due to his injuries.

Plaintiff seeks injunctive relief and damages.

**V.    Discussion**

    **A.    Eighth Amendment**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have

1    acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834.

2    Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable

3    mind." See id.

4       Plaintiff accuses the defendants of refusing to let him wash medicated shampoo out of his

5    hair, resulting in pain and injury. Plaintiff does not, however, allege that any of the defendants

6    was aware that the shampoo was medicated or that failing to rinse the shampoo could result in

7    injury to plaintiff. Without these additional allegations, plaintiff fails to state an Eighth

8    Amendment claim against any defendant.

9       **B.**     **First Amendment**

10       In the prison context, a First Amendment retaliation claim has five elements: first, that the

11    plaintiff engaged in conduct protected by the First Amendment; second, that the defendant took

12    adverse action against the plaintiff; third, that there is a causal connection between the protected

13    conduct and the adverse action; fourth, that the adverse action either chilled the plaintiff's

14    protected conduct or "would chill or silence a person of ordinary firmness from future First

15    Amendment activities;" and fifth, that the defendant's retaliatory action did not advance

16    legitimate correctional goals. Watison v. Carter, 668 F.3d 1108, 1114-1115 (9th Cir. 2012);

17    accord Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005).

18       Plaintiff alleges that the shower incident occurred after he "had just returned from a

19    hearing on Officer F. Guillen on another matter…." Compl. at 3. Though not entirely clear, it

20    appears plaintiff may be attempting to assert a First Amendment retaliation claim. If plaintiff is

21    suggesting that the shower incident was in retaliation for the hearing, then he must take care to

22    sufficiently allege that he engaged in protected conduct, that the defendants took adverse action,

23    that there is a link between the defendants' conduct and the plaintiff's protected activity, that the

24    defendants' conduct would chill a person of ordinary firmness from future protected activity, and

25    that the defendants' conduct did not advance a legitimate correctional goal. Plaintiff has not met

26    these requirements, and therefore his retaliation claim will be dismissed.

27    ////

28    ////

**VI.    Conclusion**

Plaintiff's complaint will be dismissed for failure to state a claim. The court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to amend, he must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's in forma pauperis application (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed without prejudice;

4. Within thirty (30) days from the date of service of this order, plaintiff must file a first amended complaint curing the deficiencies identified by the court in this order or a notice of voluntary dismissal; and

5.  If plaintiff fails to file an amended complaint or notice of voluntary dismissal, the court may recommend the action be dismissed for failure to comply with a court order and failure to state a claim.

Dated:  March 27, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/cole1613.scrn